# ANTHONY L. RICCO

*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919  FAX. (212) 791-3940

April 24, 2008

**FILED BY E.C.F.**

Hon.  Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York   10007

Re: **United States v. How Chong Yeong**
Docket No.  S3 07  Cr.  619 (RMB)

Dear Judge Berman:

The above captioned matter is presently scheduled for sentencing on Wednesday, April 30, 2008.   This letter is submitted pursuant to Rule 32(b)(6) of the Federal Rules of Criminal Procedure, as the defendant's objections to the presentence investigation report dated April 16, 2008 and for a sentencing recommendation.  The defendant request that the court impose a sentence within the agreed upon guideline range and is not making a request for an alternative non-guidelines sentence.

## I.  The Plea Agreement

On January 30, 2008, the defendant How Chong Yeong pled guilty before Magistrate Judge Debra C. Freeman and allocuted to count one, pursuant to a plea agreement with the government.  On February 4, 2008, How Chong Yeong's plea was accepted by this court.

In the plea agreement, the parties agreed that the base offense level of 26 applies, since the offense involved at least 100 grams but less than 400 grams of heroin.   See, Guidelines § 2D1.1(a)(3) and [c](7).   The agreement also provided for an additional 2 level reduction, should the defendant meet the criteria for safety valve pursuant to Guideline 5C1.2(a).   With a full three (3) level reduction for acceptance of responsibility pursuant to Guideline §3E1.1(a), the total offense is level 21.

With a Criminal History I, and an offense level of 21, the resulting sentence range in the plea agreement is 37 to 46 months.

## II.  Presentence Investigation Report

The Guideline calculation in the P.S.R. is in complete accordance with the written plea agreement.  See, P.S.R., ¶¶ 31 through 36, pages 8 to 9.   The P.S.R. concluded that the applicable offense level is 21 and with a criminal history of I, the applicable guideline range under count one is 37 to 46 months.  The P.S.R. also recognizes that count one requires the a mandatory sentence of 60 months.    However, with safety valve eligibility, the P.S.R. recommends that the court impose a Guideline range is 37 months.  See, P.S.R., page 16.

## III.  Sentencing Recommendation

The defendant requests that the court impose the minimum sentence agreed upon in the plea agreement of 37 months.  As this court is aware, the defendant is a 42 year old first time offender.   He is married with two school aged children age 13 & 10.  The defendant is a classic drug addict, who was selling drugs to earn money to support his own drug addiction.

In this case, the defendant waived the right to request a non-Guidelines sentence.  After substantial negotiations with the government, both sides reached an understanding that the guideline range as set forth in the agreement was a reasonable sentence which statisfies the enumerated factors in 18 U.S.C. § 3553(a).

In addition, How Chong Yeong has met with the government for his safety valve proffer session and truthfully disclosed his involvement in the present offense.

In the post-*Booker* era, the imposition of the guidelines are no longer mandatory.  This court now has the discretion, in appropriate cases,  to "impose a sentence sufficient, but not greater than necessary," to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  See, 18 U.S.C. § 3553 (a).    Under the facts of this case, however, How Chong Yeong stands behind his agreement that a sentence of 37 to 46 months constitutes such a sentence.

For the reasons set forth above,  How Chong Yeong requests that the court impose a sentence of 37 months, as per his negotiated agreement the government.

Respectfully submitted,

/S/ Anthony L. Ricco

Anthony L. Ricco, Esq.

ALR/es
cc:
A.U.S.A.  Brendan McGuire (By E.C.F.)

2